WARNER, Judge,
dissenting.
I would reverse. The issues presented are whether the trial court erred in denying a temporary injunction for the sale of stock by finding (1) that appellant was collaterally es-topped from litigating the issue of the likelihood of success on the merits because of an order of the bankruptcy court on the issue; and (2) that there was an adequate remedy in case of wrongful sale.
As to the first issue, the bankruptcy court did not make a determination as to the likelihood of success on the merits, deferring to what it thought were state court determinations. However, the state court has never had a hearing on the issue. Therefore, there could be no collateral estoppel, as the issue has never been litigated.
As to the adequate remedy, the trial court said that if it turned out that the stock was wrongfully sold, the amount of damages would be whatever the seller received for the stock. That is not the full measure of damages. For instance, if the stock was sold at a public auction for a fraction of its value, the appellant would not be precluded from seeking its fair market value if the sale were wrongful.
In the instant case, there were also several collateral consequences of the sale of the stock which could be financially disastrous not only to appellant but also would cause losses to his parents, who were not parties to the suit. These losses may not be recoverable if the stock was wrongfully sold, particularly the losses to appellant’s parents.
For these reasons, I would reverse the order of the trial court and direct that a temporary injunction be entered.